# STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
Vermont Unit                                           Docket No. 20-2-13 Vtec

| Rockingham School District Permit Revocation |
| --- |

## ENTRY REGARDING MOTION

Title:          Motion to Dismiss Fred Yates RENEWED (Motion 6)[1]
Filer:          Town of Westminster
Attorney:    Lawrence Slason
Filed Date:  February 18, 2014

Response in Opposition filed on 02/21/2014 by Interested Person Fred W. Yates
Response in Support filed on 02/24/2014 by Attorney Richard K. Bowen for Interested Person Ruth Gale

**The motion is GRANTED.**

The above-referenced docket concerns an appeal and cross-appeal from the decision by the Town of Westminster Development Review Board ("DRB") to revoke a previously-issued permit (Permit #12-20) that authorized the Rockingham School District ("School District") to install a lighting system at the Bellows Falls Union High School ("BFUHS") athletic field, known as Hadley Field.[2] Ruth Gale, who owns and lives in a home near Hadley Field, filed the petition for revocation of Permit #12-20. When the DRB concluded that the lighting system installation was not in accordance with all representations made in support of the original application, the DRB decided to revoke Permit #12-20. As a consequence of that DRB decision, the School District filed a timely appeal with this Court; the Town of Westminster ("Town") cross-appeals.

This appeal is currently on inactive status, based upon the School District's representation that it intended to submit a new permit application for a modified lighting system for Hadley Field. See June 11, 2013 Scheduling Order. Most recently, the School District

---

[1] Mr. Fred Yates filed a motion for judgment on the pleadings, which the Court set for hearing on January 27, 2014. See Rockingham School Dist. Permit Revocation, No. 20-2-13 (Vt. Super. Ct. Envtl. Div. Dec. 17, 2013) (Durkin, J.) (directing that all other parties file any responses to Mr. Yates's motion no later than January 8, 2014). In their respective responses, both the Town of Westminster and the Rockingham School District objected to Mr. Yates's motion and asked that the Court dismiss Mr. Yates as a party to this appeal. Thereafter, the Town renewed its request that the Court dismiss Mr. Yates as a party; this supplemental filing by the Town was docketed on February 18, 2014 as a renewed motion to dismiss. We have considered all motions, memoranda, and responsive letters concerning Mr. Yates's party status in this Entry Order.

[2] The Hadley Field facilities are located in the Town of Westminster.

(on March 12, 2014) filed a Status Report that summarized the District's efforts to receive a state land use ("Act 250") permit.

Now pending before the Court is the Town's renewed motion that Fred Yates be dismissed as a party to the pending appeal. The School District and Ms. Gale concur with the Town's motion. Mr. Yates has responded to the pending motion by letter.

We first note that a party's standing can affect this Court's subject matter jurisdiction. Bischoff v. Bletz, 2008 VT 16, ¶ 15, 183 Vt. 235. As such, we review motions to dismiss for lack of standing under the standard of review afforded by V.R.C.P. 12(b)(1), meaning that we accept as true all uncontroverted factual allegations and construe them in the light most favorable to the nonmoving party, which in this instance is Mr. Yates. E.g., In re Goddard Coll. Conditional Use, No. 175-12-11 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. July 5, 2012) (Walsh, J.). We therefore review the Town's motion and Mr. Yates's responses in that light.

Parties by right under 10 V.S.A. § 8502(5) and interested persons under 24 V.S.A. § 4465 have the right to appear in appeals filed by others. 10 V.S.A. § 8504(n)(5); Vermont Rule for Environmental Court Proceedings ("V.R.E.C.P.") 5(c); see In re Main St. Place, LLC, Nos. 46-3-10 Vtec, 120-7-10 Vtec, 191-11-10 Vtec, and 168-11-11 Vtec, slip op. at 5 (Vt. Super. Ct. Envtl. Div. June 19, 2012) (Durkin, J.). Fred Yates timely entered his self-represented appearance in the pending appeal in accordance with V.R.E.C.P. 5(c). Pursuant to V.R.E.C.P. 5(d)(2), any "person who appears as provided in [Rule 5(c)] will be accorded party status unless the court otherwise determines on its own motion, [or] on [a] motion to dismiss" filed by another party. Mr. Yates is not a party by right under 10 V.S.A. § 8502(5). Thus, Mr. Yates must satisfy the requirements for interested person party status, which the Town challenges.

Section 4465(b) sets forth five definitions of "interested person," only two of which may be applicable here:

> (1) A person owning title to property . . . affected by a bylaw, who alleges that the bylaw imposes on the property unreasonable or inappropriate restrictions of present or potential use under the particular circumstances of the case.

> (3) A person owning or occupying property in the immediate neighborhood of a property that is the subject of any decision or act taken under this chapter, who can demonstrate a physical or environmental impact on the person's interest under the criteria reviewed, and who alleges that the decision or act, if confirmed, will not be in accord with the policies, purposes, or terms of the plan or bylaw of that municipality.

24 V.S.A. § 4465(b)(1), (b)(3).

The Town asserts that Mr. Yates fulfills none of these statutory criteria for interested person status. It appears from the somewhat scant record now before the Court that Mr. Yates was instrumental in securing the funding for the lighting system that was installed on Hadley Field and that his efforts were voluntary, all in an effort to fulfill a benefactor's desire to see that Hadley Field was someday lit for BFUHS athletic activities. Mr. Yates also attended all of the DRB hearings on the School District's initial permit application and Ms. Gale's petition to

revoke Permit #12-20.  Nevertheless, Mr. Yates has not provided the Court with any evidence relevant to the standards for interested person party status established by § 4465(b)(1) or § 4465(b)(3).

Perhaps Mr. Yates could prove to be a valuable witness when this matter goes to trial. But having failed to show that he has standing to continue in this litigation as a party, he cannot present that testimony on his own accord; he may only offer relevant testimony if asked to do so by one of the remaining parties.

For all these reasons, Mr. Yates is hereby **DISMISSED** as a party and the Town's motion is **GRANTED**.

The Court wishes to understand the current status of the application now before us in this de novo appeal, as well as the status of any related proceedings.  We therefore direct that the Rockingham School District, by **Monday, May 12, 2014**, file a written report of the status of any state or municipal land use applications pending before an appropriate panel.  The Court will thereafter conduct a follow-up conference with the parties in the pending appeal to determine how this appeal may be set for trial or other means of resolution.  A Notice of Hearing is attached for that follow-up conference.

Electronically signed on April 24, 2014 at 01:42 PM pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Superior Court, Environmental Division

Notifications:
Andrew C. Boxer (ERN 1018), Attorney for Appellant Rockingham School District
Fred W. Yates, Interested Person
Richard K. Bowen (ERN 3850), Attorney for Interested Person Ruth Gale
Lawrence Slason (ERN 2443), Attorney for Cross-Appellant Town of Westminster
J. Justin Sluka, Co-Counsel for Appellant Rockingham School District